Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael S. Kanne<br>Terence T. Evans<br>Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50229 | **DATE** | 10/10/2001 |
| **CASE TITLE** | Winters et al. vs. Illinois State Board of Elections et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motions by plaintiffs Winters et al. and plaintiff-intervenors Philip et al. for leave to file second-amended complaint and to alter or amend the judgment under Rule 59(e)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the motions by plaintiffs Winters et al. and plaintiff-intervenors Philip et al. to file an amended complaint under Rule 15(a) and to alter or amend the judgment under Rule 59(e) are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | OCT 11 2001<br>date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | 2001 OCT 10 PM 4: 35 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED-WD | OCT 11 2001<br>date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

On September 28, 2001, plaintiffs Winters et al. and plaintiff-intervenors Philip et al. (collectively referred to as "plaintiffs") filed a motion for leave to file a second-amended complaint under Federal Rule of Civil Procedure 15(a). On October 9, 2001, the court received separate responses to this motion by defendant-intervenor Tully and the League of United Latin American Citizens. Plaintiffs' motion for leave to file an amended complaint is denied because the case had already been decided on cross-motions for judgment on the pleadings on September 28, 2001, and a final order, dismissing the case in its entirety, entered on October 1, 2001, all prior to plaintiffs presenting their motion to the court on October 3, 2001, under Local Rule 5.3. See Camp v. Gregory, 67 F.3d 1286, 1289-90 (7th Cir. 1995) (holding district court loses jurisdiction to entertain motion for leave to amend complaint once final judgment is entered unless plaintiff also moves for relief from judgment), cert. denied, 517 U.S. 1244 (1996).

Perhaps recognizing that the proper course for a plaintiff seeking to amend his complaint once judgment has been entered is to first have the judgment reopened under either Rule 59(e) or 60(b), see Vicom, Inc. v. Harbridge Merch. Serv., Inc., 20 F.3d 771, 784-85 (7th Cir. 1994), plaintiffs filed, on October 9, 2001, a motion under Rule 59(e) to alter or amend the judgment. This motion has been noticed for presentment on October 17, 2001. To succeed in a Rule 59(e), the movant must bring to the district court's attention a manifest error of law or fact, or newly discovered evidence. See Bordelon v. Chicago Sch. Reform Bd. of Tr., 233 F.3d 524, 529 (7th Cir. 2000). In this case, plaintiffs claim the purpose of their Rule 59(e) motion is to raise "new allegations based upon newly discovered evidence." (Pl.'s Mot. to Amend J. ¶ 7) After examining plaintiffs' proposed second-amended complaint, however, it is clear the "newly discovered evidence" plaintiffs point to does not affect the court's decision on the issues already briefed and argued in the cross-motions for judgment on the pleadings. Instead, the "new evidence" is used only for the purpose of adding new and separate claims to the complaint. This, in the court's opinion, does not warrant granting the Rule 59(e) motion.

For the reasons stated above, plaintiffs' motion for leave to file an amended complaint under Rule 15(a) is denied and plaintiff's motion to alter or amend the judgment under Rule 59(e) is also denied.